IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK B. KOMESHAK, D.C., and )
KOMESHAK CHIROPRACTIC, LTD., )
Individually and On Behalf of All Others )
Similarly Situated, )
 )
            Plaintiffs, )
 )
vs. ) CIVIL NO. 08-439-GPM
 )
ILLINOIS FARMERS INSURANCE )
COMPANY, FARMERS INSURANCE )
EXCHANGE, FARMERS GROUP, INC., )
and ZURICH SERVICES CORPORATION, )
 )
            Defendants. )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      Plaintiff, Patrick B. Komeshak, a chiropractor, filed a class action complaint in state court in St. Clair County, Illinois, on February 11, 2005. In a nutshell, his claims challenge Defendants' practice of taking improper reductions based on biased computerized fee schedules when paying him for treatment to insureds under automobile insurance policies issued by Defendants.

      When the state court case was filed, Patrick Komeshak was the only named plaintiff. Defendants first sought to compel arbitration, and the parties engaged in discovery on the arbitration issue. After the motion was argued (but before it was decided), Defendants withdrew the arbitration motion. Defendants then sought to dismiss Komeshak's complaint, arguing, among other things, that Komeshak lacked standing.

      Before the motion to dismiss was ruled upon, Defendants agreed to an amendment of the

complaint (*See* Doc. 16-2). Komeshak sought and obtained leave to file an amended complaint, and Komeshak Chiropractic, Ltd., the closely held corporation of Dr. Komeshak and his wife, whose President is Dr. Komeshak, was added as a plaintiff. The claims of the new complaint were the same: reductions for the same treatment of the same patient on the same date.

On June 12, 2008, Defendants removed the case to this Court, asserting federal subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). Under CAFA, federal courts have jurisdiction in diversity, with exceptions not at issue here, *see* 28 U.S.C. § 1332(d)(3), (d)(4), (d)(5), (d)(9), over class actions with one hundred or more class members, *see* 28 U.S.C. § 1332(d)(5)(B), in which any member of the plaintiff class is a citizen of a state different from that of any defendant, or any member of a plaintiff class or any defendant is a foreign state or a citizen or subject of a foreign state. *See* 28 U.S.C. § 1332(d)(2). Class actions filed in state court that satisfy the jurisdictional prerequisites of CAFA are subject to removal to federal court. *See* 28 U.S.C. § 1453(b), (c).

Here, it is undisputed that this is a class action involving one hundred or more class members in which the requisite minimal diversity of citizenship exists: Komeshak is an Illinois citizen,[1] while Farmers Group, Inc., is a citizen of both California and Nevada. *See* Doc. 2 ¶ 12, ¶ 17. Similarly, the record shows that an amount in excess of $5 million, exclusive of interest and costs, is in dispute. The only issue is whether this action was commenced on or after the effective date of

---

[1] The Court presumes this from the papers, but if the case were not being remanded, the Court would order Defendants to clarify this issue. The notice of removal simply alleges where Dr. Komeshak "resides" (*see* Doc. 2 at para. 17), and such allegation is insufficient to establish diversity jurisdiction, which is determined by citizenship of a state, not allegations of residency in a state. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)).

CAFA.

"CAFA is not retroactive and therefore only applies to class actions which are 'commenced on or after the date of enactment' of the statute, February 18, 2005." *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *2 (S.D. Ill. May 18, 2006) (quoting Pub. L. 109-2, § 9, 119 Stat. 4). The question of when a lawsuit initially is "commenced" for purposes of removal under CAFA is determined by the law of the state where a class action originally was filed. *See Pfizer, Inc. v. Lott*, 417 F.3d 725, 726 (7th Cir. 2005). Under the law of Illinois, where this action initially was filed, "[e]very action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint." 735 ILCS 5/2-201(a). Thus, this action was commenced for CAFA purposes on February 11, 2005, when, as noted, it was filed originally in the St. Clair County circuit court.

But, according to Defendants, the addition of Komeshak Chiropractic, Ltd., in June 2008 commenced a new action triggering federal court jurisdiction under CAFA. According to Defendants, the amended complaint does not relate back to the original complaint because Dr. Komeshak lacked standing in the first place to sue them in state court.

Defendants hang their hat on the federal rule, which says that federal jurisdiction does not attach if a plaintiff never had standing to bring a suit. *See Walters v. Edgar*, 163 F.3d 430, 432-33 (7th Cir. 1999) (and cases cited therein). In Illinois, where the case was filed, however, standing is not an element of subject matter jurisdiction. In fact, it is an affirmative defense that can be waived or cured. *See Lyons v. Ryan*, 756 N.E.2d 396, 402 n.5 (2001); *see also Greer v. Illinois Housing Dev. Auth.,* 524 N.E.2d 561 (Ill. 1988). Without deciding the issue, the Court notes that standing likely was waived when Defendants failed to raise it and instead pursued arbitration, and then agreed

to an amendment to the complaint.

Defendants argue that Dr. Komeshak lacked standing to bring the suit because all of the alleged damages were to Komeshak Chiropractic, Ltd., and not to Dr. Komeshak, the individual. But this argument ignores the fact that Komeshak Chiropractic is Dr. Komeshak's closely held corporation, and its claim arises from the very same transaction and set of facts as Dr. Komeshak's. "Under Illinois law as under federal law, an amendment relates back when it arises out of 'the same transaction or occurrence set up in the original pleading.'" *Phillips v. Ford Motor Co.*, 435 F.3d 785, 788 (7th Cir. 2006) (citations omitted); *see also Cassidy v. Derek Bryan Ins. Brokers, Ltd.*, 613 N.E.2d 1201, 1206 (Ill. App. Ct. 1993). In other words, all that is needed for the new plaintiff's claim to relate back is a finding that the original complaint furnished the defendant with all the information necessary to prepare a defense to the subsequent claim. That is certainly the case here; all that changed was the addition of Dr. Komeshak's corporation as the plaintiff. Careful scrutiny of Defendants' papers even suggests that they knew Dr. Komeshak wasn't the proper plaintiff ("Komeshak Chiropractic issued the invoices and obtained the purported assignment" – Doc. 22, p. 6), but they didn't raise it with the state court until more than two years after the case was filed.

Morever, the Court is mindful that the issue of standing has not been resolved. The corporation was added as a plaintiff, not substituted for Dr. Komeshak. The Court agrees with Plaintiffs that until discovery is complete, no one can know whether the claim – clearly set forth in both complaints – belongs to Dr. Komeshak, his corporation, or both. This is not a situation where a named plaintiff's claim is dismissed and a new plaintiff later steps into his shoes. But even then, substitution for the named plaintiff is allowed under *Phillips*. The Court fails to see how *Phillips* is distinguishable from the case at hand.

*Springman v. AIG Marketing, Inc.*, 523 F.3d 685 (7th Cir. 2008), is easily distinguishable. *Springman* dealt with the addition of a *defendant* more than three years after the original complaint was filed in state court. In denying the remand motion in that case, this Court relied heavily on the plain statutory language of 28 U.S.C. § 1453, which confers on any defendant joined after the effective date of CAFA a right to remove a class action within thirty days of receipt of a pleading showing that the case is removable under the statute. This Court noted,

> It is true, of course, that the Seventh Circuit Court of Appeals has held that, in some instances, an amendment of a complaint after the effective date of CAFA may 'commence' or, perhaps more properly, recommence a class action so as to make it removable under the statute. In *Knudsen* the court said that 'a new claim for relief (a new 'cause of action' in state practice), the addition of a new defendant, or any other step sufficiently distinct that courts would treat it as independent for limitations purposes, could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes.' 411 F.3d at 807. The court said also that 'when a claim relates back to the original complaint (and hence is treated as part of the original suit),' the amendment will not be deemed to permit removal under CAFA, whereas 'when [the claim] is sufficiently independent of the original contentions that it must be treated as fresh litigation, it may be regarded as a commencement of the action after the effective date of CAFA so as to permit removal under the statute. Id. More recently, the Seventh Circuit Court of Appeals held that for purposes of removal under CAFA 'an amended complaint kicks off a new action only if, under the procedural law of the state in which the suit was filed, it does not 'relate back' to the original complaint.' *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir.2006). *See also Phillips v. Ford Motor Co.*, 435 F.3d 785, 787-88 (7th Cir.2006) (in a class action filed in Illinois state court before the effective date of CAFA and removed to federal court on the grounds that an amendment of the complaint after the effective date of the statute commenced a new action so as to permit removal, holding that the amendment related back to the filing date of the original complaint under Illinois law and therefore did not authorize removal under CAFA).

*Springman v. AIG Marketing, Inc.*, No. 07-737-GPM, 2007 WL 3406927 (S. D. Ill. Nov. 1997).

The Court does not view this as a close call. The addition of Komeshak Chiropractic, Ltd. as a plaintiff relates back to the original complaint, and, therefore, this action was "commenced" before CAFA became effective. It is not removable under the statute.

Finally, the Court finds that Plaintiffs have not made a sufficient showing to support an award of costs and expenses, including attorneys' fees, pursuant to 28 U.S.C. § 1447(c). *See Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005).

The motion to remand (Doc. 16) is **GRANTED**, and this action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 8/19/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge